## BUNCE v. BUNCE.

A surety may sustain an action on the case against his principal, for payment of the proper debt of the principal.

ERROR from a judgment of the Court of Common Pleas. The case was,— The plaintiff, being administratrix on the estate of Zachariah Bunce, deceased, brought her action of the case against Jonathan Bunce, the present defendant, declaring, " That about the 11th day of April, A. D. 1768, the said Zachariah, being then in full life, and the said Jonathan, in and by their certain bond or writing obligatory, by them well executed, bound themselves, their heirs, executors and

administrators, and every of them, jointly and severally, unto John Chester, Elisha Williams, and Hezekiah May, then all of Weathersfield (who were appointed a committee to let out and improve the moneys belonging to the school in the first society in said Weathersfield) in the sum of £19 lawful money, for the purpose of securing to said committee twenty-seven ounces, fifteen pennyweight and thirteen grains of good coined silver, Troy weight, sterling alloy, to be paid on or before the 25th day of December next following the date of said bond: Which sum of money last mentioned was not paid on said 25th day of December, and remained a long time, together with the interest thereon, unpaid, till on or about the 21st day of March, 1782, the said Zachariah paid to Ezekiel Williams, John Chester, and Joseph Webb, legal successors to the committee aforesaid, the sum of £16 6s. 5d. lawful money, which said sum was due for principal and interest on said bond. Now the plaintiff says, that said bond was given for moneys loaned by said committee to and for the use of said Jonathan only, and that said Zachariah never received any benefit from said moneys, but that said Jonathan received and applied them to his own use and benefit: Whereupon the plaintiff says, that on the said 21st day of March, the said sum of £16 6s. 5d. lawful money, became justly due from said Jonathan to said Zachariah; and that said Jonathan afterwards (to-wit:) on said 21st day of March, in consideration thereof, assumed upon himself, and faithfully promised to pay the said Zachariah said sum on demand; yet the said Jonathan, his promise and undertaking aforesaid not regarding, hath never performed the same,

either to the said Zachariah, during his life, or to the plaintiff, since his decease," etc.

On demurrer to this declaration, judgment was for the defendant. And now, the general error being assigned, the judgment of the Court of Common Pleas was reversed:—For,

By the whole Court. There is no defect in the declaration, to justify the decision of the Court of Common Pleas. There is alleged a promise, and a breach, and a consideration sufficient to raise a promise. The defendant having borrowed and had the money for which the bond was given, it was his duty to pay the bond; and what the said Zachariah, his surety, paid upon it, he paid for the use of the defendant, who became indebted to him upon such payment; which was a sufficient consideration, or indebtedness, to raise the promise laid in the plaintiff's declaration.